UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| BOBBY W. DANIELS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-203-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | **MEMORANDUM OPINION** |
| of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Bobby Daniels ("Daniels") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 9 and 10] Through this action, Daniels seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to a period of disability, disability insurance benefits ("DIB"), or Supplemental Security Income ("SSI"). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Daniels.

**I.    BACKGROUND**

Daniels filed his application for a period of disability, DIB, and SSI on April 22, 2004. His claim was denied initially and upon reconsideration. On February 3, 2006, a decision denying Daniels' request for a hearing was issued. Daniels appealed that decision

administratively and the Appeals Council remanded for further development and proceedings. A hearing was conducted before ALJ James P. Alderisio in Middlesboro, Kentucky, on November 22, 2006. During this hearing, the ALJ heard testimony from Daniels and Katharine Bradford, a vocational expert. Thereafter, on January 29, 2007, the ALJ issued a decision denying benefits to Daniels, concluding that there are jobs that exist in significant numbers in the national economy that Daniels can perform. Daniel's request for review was denied by the Appeals Council on April 18, 2007. [Tr., pp. 10-12]

At the time of the administrative hearing, Daniels was 36 years old with a high school education. [Tr., p. 487] However, he completed high school through the special education program and is unable to read or write. [Tr., p. 489] He has past work experience as a laborer in the underground coal mines. He claims disability due to a variety of impairments, including chronic lumbar strain, degenerative disc disease and central disc protrusion with paralumbar muscle spasms, residual pain and restriction following multiple knee surgeries with significant right thigh and calf atrophy, depression, anxiety, and borderline intellectual functioning.

Based on his review and evaluation of the medical evidence of record and the testimony at the hearing, the ALJ found that Daniels retained the residual functioning capacity to perform light work not requiring climbing of ladders and occasional climbing of ramps and stairs, occasional reaching overhead, occasional handling, no stooping, bending or crawling. [Tr., p. 25] The ALJ further noted that Daniels requires a sit/stand option every 45 minutes and is restricted to low stress work not requiring reading. Likewise, the ALJ found that he had a limited but satisfactory ability to relate to coworkers and supervision, to demonstrate reliability,

and to behave in an emotionally stable manner. Further, the ALJ found that Daniels had a seriously limited – but not precluded – ability to interact with the public. [Tr., p. 25] Based on these findings, the ALJ concluded that Daniels was not disabled as defined in the Social Security Act and regulations. [Tr., p. 27]

## II.     LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the

record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Notably, credibility determinations are particularly within the province of the ALJ and are "to be given great weight." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

### III.   DISCUSSION

Daniels contends that the ALJ's decision is not supported by substantial evidence for two reasons. First, he contends that the ALJ erred in rejecting the findings of Dr. David E. Muffly and Dr. Stuart Cooke. According to Daniels, the ALJ failed to give proper weight to their

opinions. Second, Daniels contends that the ALJ erred in failing to include any cognitive limitations in the hypothetical posed to the VE. Based on these claimed errors, seeks reversal of the ALJ's decision and remand of this matter for further proceedings.

Daniels argues that the ALJ failed to afford proper weight to the opinions of Dr. David Muffly, an orthopedic surgeon, and Dr. Stuart Cooke, a psychologist. Although Daniels does not argue that Dr. Muffly and Dr. Cooke are treating physicians, he claims that they are not merely "one-time examiner[s]" as suggested by the ALJ. [Record No. 9] The record reflects that Dr. Muffly examined Daniels on two occasions. First, he examined him in 1996 in connection with various alleged work-related injuries. Subsequently, on June 16, 2005, Dr. Muffly performed a consultative orthopedic examination of Daniels. At that time, Dr. Muffly assessed Daniels with a 9% impairment to the whole person and noted permanent restrictions for position change every 30 minutes. He opined that Daniels would not be able to sit, stand, or walk greater than 3 hours in an 9 hour day and that he would need to lay down to obtain relief. He further stated that Daniels could not crawl, squat, climb steps, walk on rough or irregular ground. In addition, he opined that Daniels should not lift in excess of 40 pounds and should not do any overhead reaching.

The record reflects that Dr. Cooke examined Daniels on one occasion. This examination occurred on July 11, 2005, in relation to a workers' compensation claim. Dr. Cooke assessed Daniels with a 5% impairment rating due to two work-related injuries. He also found that Daniels had a poor ability to relate to coworkers, deal with the public, interact with supervisors,

deal with work stresses, maintain attention and concentration, behave in an emotionally stable manner and demonstrate reliability.

The Sixth Circuit has held that the opinions of treating physicians are entitled to controlling weight. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532 (6th Cir. 2007) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997). "A physician qualifies as a treating source if the claimant sees her 'with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition.'" *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (alteration in original) (quoting 20 C.F.R. § 404.1502). In *Cruse*, the Sixth Circuit stated that a physician who had performed a "new patient evaluation" and had seen the claimant on two more occasions should not be characterized as a treating physician. The court noted that the claimant was treated to a similar extent by other doctors and, therefore, that the physician's opinion should not be given controlling weight over the opinions of some of the other examining doctors. *Cruse*, 502 F.3d at 540. "A plethora of decisions unanimously hold that a single visit does not constitute a treating relationship." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506 (6th Cir. 2006) (citing *White v. Barnhart*, 415 F.3d 654, 658 (7th Cir. 2005)). Moreover, "depending on the circumstances and nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship." *Kornecky*, 167 F. App'x at 506 (citing *Cunningham v. Shalala*, 880 F. Supp. 537, 551 (N.D.Ill. 1995) (where physician saw claimant five times in two years, it was "hardly a foregone conclusion" that his opinion should be afforded great weight)); *see also Boucher v. Apfel*, No. 99-1906, 2000 WL 1769520, at *9 (6th Cir. Nov.15, 2000)

(although physician examined claimant three times (once each in 1990, 1992, and 1992), he was not entitled to treating-physician status). The Sixth Circuit has stated that the treating physician doctrine is based on the assumption that a medical professional who has dealt with the claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant only once.

As previously noted, Dr. Muffly examined Daniels on only two occasions and Dr. Cooke examined him only once. In both instances, the examinations were performed in connection with Daniels' attempt to obtain disability and/or worker's compensation benefits. The ALJ properly considered their opinions but, based on the totality of the evidence, afforded their assessments "minimal weight." [Tr., p. 26] In particular, the ALJ stated that:

> the restriction given [by Drs. Muffly and Cooke] appear excessive and are not consistent overall with the totality of the evidence. The claimant has been given a sit/stand option which should allow for the completion of an 8 hour workday and not require him to be on his feet and/or sitting for any length of time. With respect to Dr. Cooke's limitations, there is a paucity of treatment evidence and nothing probative to support the severe limitations cited.

[Tr., p. 26] Based on the evidence, the court cannot conclude that the ALJ erred in not giving Dr. Muffly and Cooke's findings controlling weight over the opinions of other examining physicians. Therefore, the court finds that the ALJ gave each of their opinions appropriate deference and rejected them in light of the weight of the evidence.

Daniels also argues that the ALJ erred in failing to include any cognitive limitations in the hypothetical posed to the VE. In particular, Daniels suggests that the evidence of record reveals that he has a severe cognitive impairment and that the ALJ should have included

intellectual restrictions in the hypothetical. With respect to Daniels' alleged mental impairment, the ALJ noted that:

> [t]he claimant alleges depression and panic attacks; however, he has failed to seek formal mental health intervention. Mr. Daniels was provided with psychotropic medications at one time by Dr. Echeverria; however, he is no longer under his care. The record does not establish follow up with any other physician on a regular basis and there is no evidence that status post October 2006, the claimant received his antidepressant medications further. Nonetheless, he has not required any type of intervention through the emergency room and/or via inpatient management for an overt psychiatric disorder.

[Tr., p. 25]

Because the ALJ's characterization of Daniels' mental state is supported by substantial evidence, the hypothetical presented to the VE was proper. The VE determined that given Daniels' RFC, he was capable of performing a number of jobs in the local economy. This testimony is substantial evidence which supports the Commissioner's decision that Daniels is not disabled. *See Davis v. Secretary of Health and Human Services*, 915 F.2d 186, 189 (6th Cir. 1990). Because it is the Commissioner's duty to evaluate the credibility of the VE's testimony, the Commissioner's decision should be affirmed. *Sias v. Secretary of Health and Human Services*, 861 F.2d 475 (6th Cir. 1988); *see also Born v. Secretary of Health and Human Services*, 923 F.2d 1168 (6th Cir. 1990); *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224 (6th Cir. 1988).

### IV. CONCLUSION

Accordingly, for the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Daniel's Motion for Summary Judgment [Record No. 9] is **DENIED**;

     2.     The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

     3.     The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 5th day of February, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge